OWEN, WICKERSHAM & ERICKSON, P.C.
GREGORY N. OWEN CBN 122825
LAWRENCE G. TOWNSEND CBN 88184
LINDA JOY KATTWINKEL CBN 164283
455 Market Street, Suite 1910
San Francisco, California 94105
Telephone: 415.882.3200
Facsimile:  415.882.3232
Email: gowen@owe.com
Email: ltownsend@owe.com
Email: ljk@owe.com

*Attorneys for Plaintiffs*
ART IN STONE, INC.
LEON RADER

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ART IN STONE, INC, a California Corporation, LEON RADER, a California resident, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN MONUMENTAL COMPANY, a California Corporation, CHRISTOPHER VEIRHAUS, a California resident, BORIS BERMAN, a California resident, and DOES 1-10, <br><br> Defendants. | Case No. 3:18-cv-01904 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> 17 U.S.C. § 101 et seq. <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Art In Stone, Inc. and Leon Rader allege as follows:

### JURISDICTION AND VENUE

1.     This is an action for infringement of copyright pursuant to 17 U.S.C. Section 101 et seq.  Subject matter jurisdiction is conferred by 17 U.S.C. Section 501, 28 U.S.C. Sections 1331 and 1338.

2.     The actions of the Defendants complained of herein took place within this jurisdiction, including Defendants' sale and distribution of the infringing material in this judicial

district, and Defendants may be found within this judicial district. Venue is proper under 28 U.S.C. Sections 1391 and 1400.

## INTRADISTRICT ASSIGNMENT

3.     Intradistrict assignment is appropriate under Civil Local Rule 3-2(c) because this is an Intellectual Property Action.

## FIRST CAUSE OF ACTION

### Copyright Infringement

4.     Plaintiff Art In Stone, Inc. ("Art In Stone") is a corporation organized under the laws of the State of California that conducts business in this judicial district and whose principal offices are in Colma, California. Art In Stone is in the business of designing, manufacturing and installing memorial headstones.

5.     Plaintiff Leon Rader ("Rader") is Rader is a co-owner of Art In Stone, residing in Colma, California. Rader is the creator and copyright owner of original two-dimensional artworks and three-dimensional sculptures for memorial headstones, which are protected by U.S. Copyright Registration Nos. VAu 543-142 dated September 3, 2002, and VAu 566-970 dated April 16, 2003 ("Rader's Registered Copyrights"). A true and correct copy of Registration Nos. VAu 543-142 and VAu 566-970, together with deposit copies of the works covered by those registrations that are at issue in this action, are attached as Exhibits A and B.

6.     Art In Stone is the exclusive licensee of Rader's Registered Copyrights.

7.     Plaintiffs are informed and believe, and thereon allege that Defendant American Monumental Company ("American Monumental") is a corporation organized under the laws of the State of California, with its principal place of business in South San Francisco, California.

8.     Plaintiffs are informed and believe, and thereon allege that Defendant Christopher Vierhaus ("Vierhaus") is an owner and CEO of Defendant American Monumental, residing in South San Francisco, California.

9.     Plaintiffs are informed and believe, and thereon allege that Defendant Boris Berman ("Berman") is a resident of San Francisco, California.

10.     At all times herein mentioned, each and every Defendant was acting, at least in

part, as the agent, employee, and/or co-conspirator of the remaining Defendants, and in doing the things herein alleged was acting, at least in part, in the course and scope of such agency with the permission and consent and in furtherance of the alleged wrongful conduct with the remaining Defendants. Furthermore, the individual Defendants named herein had the right and ability, and exercised such right and ability, to supervise or control some portion of the wrongful conduct alleged herein, and said Defendants materially contributed to the copyright infringement and financially benefitted, directly or indirectly, from the alleged wrongful conduct.

11.    In 2009, American Monumental and Vierhaus received a cease and desist letter alleging infringement of one of Rader's Registered Copyrights, entitled "Full 3-Candle Menorah #1." A true and correct copy of that letter is attached hereto as Exhibit C.

12.    On or about 1998, Defendant Berman's mother, Ida Berman, engaged Art In Stone to create a monument for Defendant Berman's deceased father, Mark Berman, comprising Rader's copyrighted work entitled "Leaning Stone" (Exhibit A, No. 38). Ida Berman purchased the monument only: no rights under copyright to the Leaning Stone design were granted. A true and correct photograph depicting the Mark Berman monument is attached hereto as Exhibit D.

13.    Plaintiffs are informed and believe that on or about September 7, 2016, Defendant Berman collaborated with Defendants American Monumental and Vierhaus to create a new monument comprising a near-identical copy of "Leaning Stone" (adding only a photo and the name of his mother, Ida Berman to the identical design) (the "Berman Infringement"). American Monumental created a new monument comprising the Berman Infringement in accordance with this transaction. A true and correct photograph of the new monument, along with the corresponding Rader copyrighted work, is attached hereto as Exhibit E.

14.    Upon information and belief, Berman, American Monumental and Vierhaus all acted with full knowledge that the Berman Infringement is a copy of, and infringes, Plaintiffs' "Leaning Stone" design.

15.    After learning of the Berman Infringement, Plaintiffs discovered several other monuments by Defendants American Monumental and Vierhaus comprising infringements of Rader's Registered Copyrights, namely: No. 30 "Contemporary Design #22"; No. 38 "Leaning

Stone"; No. 53 "Full 3-Candle Menorah #1"; No. 55 "Side 3-Candle Menorah #1"; and No. 88 "Leon's Lilly #1";  as follows:

a.   Toproba, infringement of No. 30 "Contemporary Design #22";

b.   Chekhanovskaya, infringement of No. 55 "Side 3-Candle Menorah #1";

c.   Makhmudova, infringement of No. 53 "Full 3-Candle Menorah #1" and No. 88 "Leon's Lilly # 1";

d.   Garusov, infringement of No. 88 "Leon's Lilly #1";

e.   Eydelman, infringement of No. 88 "Leon's Lilly #1"; and

f.   Krevets, infringement of No. 88 "Leon's Lilly #1."

Attached hereto as Exhibit F are true and correct images of Defendants' infringements referenced above and the corresponding Rader Copyrighted Works.

16.   In addition, on information and belief, Defendants American Monumental and Vierhaus include in their catalog of designs available for ordering by American Monumental' s clients infringing copies of Rader's Copyrighted Works entitled "Contemporary Design #22" and "Slavin," as well a many other copies of Rader's monuments.

17.   The above described acts of reproduction, preparation of derivative works, display, distribution and sale of the infringing products constitute copyright infringement, including willful copyright infringement, as set forth in 17 U.S.C. 101 et seq.

18.   As a result of Defendants' acts of copyright infringement, Plaintiffs are entitled to an accounting of Defendants' profits and/or Plaintiffs' actual damages or statutory damages under the Copyright Act.

WHEREFORE, Plaintiffs pray for judgment against Defendants as set forth below:

(a)   For an accounting and award of all of Defendants' profits derived from the acts of copyright infringement;

(b)   For actual damages sustained by Plaintiffs for copyright infringement;

(c)   For statutory damages up to $150,000 per each infringed work under the Copyright Act;

(d)   For an injunction restraining Defendants from future acts of copyright

1  infringement;

2      (e)    For costs of suit herein incurred;

3      (f)    For payment of Plaintiffs' reasonable attorneys' fees herein incurred; and

4      (g)    For such other and further relief as the court deems just and proper.

5                          Respectfully submitted,

6
                           OWEN, WICKERSHAM & ERICKSON, P.C.
7

8
Dated: March 28, 2018      By_____
9                                  Linda Joy Kattwinkel

10
                           *Attorneys for Plaintiffs*
11                         ART IN STONE, INC.
                           LEON RADER
12

13                         **DEMAND FOR JURY TRIAL**

14      Plaintiffs hereby demand a trial by jury.

15

16                         OWEN, WICKERSHAM & ERICKSON, P.C.

17

18 Dated: March 28, 2018   By_____
                                   Linda Joy Kattwinkel
19

20                         *Attorneys for Plaintiffs*
                           ART IN STONE, INC.
21                         LEON RADER

22

23

24

25

26

27

28